ROBERTSON, Presiding Judge.
R.L.H. (“the father”) appeals from a judgment directing him to pay child support to C.J.P. (“the custodian”). We affirm.
Because the father’s arguments on appeal are limited to the legal issue of whether his bankruptcy filing precluded the trial court from entering the judgment at issue, a detailed procedural history is not warranted. *689 The father filed for bankruptcy protection in 1995. In 1997, the custodian of the father’s two minor children filed a petition for support in the trial court. After an ore tenus proceeding, the trial court’s referee entered a judgment directing the father to pay the custodian $292 per month as child support for the father’s children. The father sought a rehearing before the judge of the trial court, pursuant to Rule 35(F), Ala.R.Jud.Ad-min.; however, the trial court judge affirmed the referee’s judgment. The father then filed a motion to alter, amend, or vacate the judgment on the basis that the custodian had failed to obtain relief from the automatic stay in bankruptcy. The father’s motion was denied.
On appeal, the father asserts that the case should be reversed and remanded for placement on the trial court’s administrative docket until the bankruptcy court lifts the automatic stay as to the custodian’s complaint. His two-page argument cites only one case, Carver v. Carver, 954 F.2d 1573 (11th Cir.), cert. denied, 506 U.S. 986, 113 S.Ct. 496, 121 L.Ed.2d 434 (1992), in support of his contention that the automatic stay prevented the trial court from exercising jurisdiction. However, since Carver was decided, Congress has amended 11 U.S.C. § 362 to exclude from the automatic bankruptcy stay “the commencement or continuation of an action or proceeding for ... the establishment or modification of an order for alimony, maintenance, or support” (11 U.S.C. § 362(b)(2)(A)(ii) (1994)). Thus, the automatic stay did not apply to the custodian’s proceeding, which sought to establish an order for child support.[1]
Based upon the foregoing facts and authorities, the trial court’s judgment is due to be affirmed.
AFFIRMED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.

. This court previously ruled that the father’s "suggestion of bankruptcy” to this court did not stay the father’s appeal.